# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3239 | **DATE** | 10/25/2004 |
| **CASE TITLE** | Philiotis vs. Exec. Mfg. Techs., Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due_____. Reply to answer brief due_____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ■  Status hearing is set for 11/17/04 at 9:30AM.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10)  ■  [Other docket entry]  ENTER ORDER. For the reasons set forth in the attached memorandum opinion and order, defendant's motion to dismiss under the doctrine of *forum non conveniens* [3-1] is denied.

(11)  ■  [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 2 8 2004 | |
| X | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | 10 |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| RJ/RC | courtroom deputy's initials | 2004 OCT 27 PM 4 24 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

GREGORY A. PHILIOTIS,       )
                                  )
            Plaintiff,          )
                                  )
    v.                            )
                                  )     Case No. 04-C-3239
EXECUTIVE MANUFACTURING     )
TECHNOLOGIES, INC., now known     )     Judge Joan B. Gottschall
as ACTIVPLANT CORPORATION,     )
                                  )
           Defendant.       )

DOCKETED
OCT 2 8 2004

## MEMORANDUM OPINION AND ORDER

Defendant Executive Manufacturing Technologies, Inc., n/k/a Activplant Corporation ("Activplant"), moves this court to dismiss plaintiff Gregory A. Philiotis's complaint under the doctrine of *forum non conveniens*. For the reasons set forth below, Activplant's motion is denied.

## BACKGROUND[1]

Activplant is a privately held company incorporated in Ontario, Canada with its principal place of business in London, Ontario. Activplant conducts business in the United States, and has U.S. offices in Georgia, Michigan, Ohio and Wisconsin. Philiotis is a citizen of the state of Illinois who resides in this district.

In the summer of 2002, Activplant hired Philiotis and asked him to help Activplant to establish an office in Naperville, Illinois. The parties entered into an employment contract that, among other things, set forth the mechanism for calculating Philiotis's compensation and

---

[1] The court takes the facts included in this section from the parties' pleadings, including attached affidavits. *See, e.g., Kontos v. U.S. Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987) (permitting courts to consider and weigh affidavits submitted by the parties in assessing jurisdiction). (The court accepts as true uncontested facts, and accepts Philiotis's version of events where the facts are in dispute. *See, e.g., Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987) (resolving conflicts in affidavits in the plaintiff's favor).

detailed Activplant's obligations in the event that it terminated Philiotis. The contract contained a choice of law provision requiring the application of the laws of Ontario, Canada. Activplant executed the employment contract in London, Ontario, and Philiotis executed the contract in St. Charles, Illinois. Philiotis worked at the Activplant office in Naperville until June 2003, when Activplant's Chief Executive Officer and Director of Human Resources came to that office and informed Philiotis that he was being terminated.

Philiotis filed suit in this court in May 2004, alleging that Activplant breached the employment contract by refusing to pay him severance and commissions and seeking relief under the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* and the Illinois Attorneys Fees in Wage Actions Act, 705 ILCS § 225/1 *et seq.* or alternatively under the Illinois Sales Representative Act, 820 ILCS § 120/1 *et seq.* Activplant then filed the instant motion, arguing that the balance of the parties' conveniences favored resolution of their dispute in the Superior Court of Justice, Middlesex County, Ontario, Canada.[2]

## ANALYSIS

The doctrine of *forum non conveniens* permits dismissal of a case over which the district court otherwise has jurisdiction "where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting this choice." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249 (1981). The doctrine is a flexible, practical one, designed to avoid trials in places so

---

[2]Activplant sometimes uses language arguing that transfer to the Superior Court of Justice is appropriate. However, the court notes that there is no procedural mechanism by which it may transfer an action from an American court to a Canadian one. The distinction between transferring a case based on venue rules and standards and dismissing a case based on *forum non conveniens* is significant, as this court has broader discretion to transfer than to dismiss. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981).

"inconvenient" that transfer is needed to avoid serious unfairness. *See id.* at 259. This determination is committed to the sound discretion of the district court, which should balance relevant public and private interests in reaching its decision. *In re Ford Motor Co.*, 344 F.3d 648, 651 (7th Cir. 2003). In the Seventh Circuit, the court's determination should include consideration of the following factors: 1) availability of an adequate alternative forum; 2) appropriate deference to the plaintiff's choice of forum; 3) "public interest" factors; and 4) "private interest" factors. *Kamel v. Hill-Rom Co.*, 108 F.3d 799, 802-05 (7th Cir. 1997); *Macedo v. Boeing Co.*, 693 F.2d 683, 686-90 (7th Cir. 1982). Activplant carries the burden of persuading the court that Philiotis's lawsuit should be dismissed on *forum non conveniens* grounds. *In re Ford Motor Co.*, 344 F.3d at 652.

I.     **Availability of Adequate Alternative Forum.**

For purposes of a *forum non conveniens* determination, a forum is available if the defendant is amenable to process in the alternative forum or, alternatively, consents to jurisdiction in that forum. *See Macedo*, 693 F.2d at 687. Assuming the forum is available, it is adequate if "the parties will not be deprived of all remedies or treated unfairly." *Kamel*, 103 F.3d at 802. The parties do not dispute that Activplant is incorporated and has its principal place of business in Ontario, Canada and is therefore amenable to process in Ontario. However, Philiotis argues that the Ontario forum should be considered available only "if all parties are amenable to process and are within the forum's jurisdiction," quoting *Kamel*, 108 F.3d at 802. Philiotis maintains that the Ontario forum is not available because he is not amenable to process there.

Philiotis's argument on this point fails. Plaintiffs do not require a determination that they are "amenable to process," as they are voluntarily seeking relief and therefore do not need a mechanism requiring them to appear or respond in court. The alternative forum in Ontario would

presumably be available to Philiotis as long as Canadian law would not bar him from bringing suit there. Although the plaintiff in the *Kamel* litigation cited by Philiotis was a citizen of the alternative forum, the court's analysis requiring "all parties" to be amenable to process addressed only the issue of whether all defendants were amenable to process. *See Kamel*, 108 F.3d at 802-03. *Hyatt Int'l Corp. v. Coco*, also cited by Philiotis, is likewise distinguishable as Hyatt was a "natural defendant" that preemptively had filed a declaratory judgment action in the United States, and had not contested jurisdiction in the parallel foreign proceeding in which it was a defendant. *See* 302 F.3d 707, 718 (7th Cir. 2002). In any event, as the Seventh Circuit has explained, the inquiry for purposes of availability under *forum non conveniens* analysis is "satisfied when the defendant is 'amenable to process' in the other jurisdiction." *Macedo*, 693 F.2d at 687. Because Activplant is amenable to process in Ontario and Philiotis does not dispute that he could bring suit there, the court finds Ontario to be an available forum.

Activplant maintains that Ontario is an adequate forum because Canadian law recognizes an employee's right of action against his employer for breach of an employment contract, citing *Hayes v. Segue Software, Inc.*, No. CIV.A. 301CV1490D, 2001 WL 1464708 at *3 (N.D. Tex. Nov. 14, 2001). Philiotis responds that the Ontario forum is both procedurally and substantively inadequate. Specifically, Philiotis argues that he may be required to post a security bond for costs in Ontario, would be disadvantaged by the more limited rules governing discovery, and may be denied relief under Illinois law, including attorneys' fees, in the Ontario forum.

With respect to Philiotis's procedural concerns, Activplant notes that it could stipulate to waiver of the bond as well as agreeing to more liberal discovery as a condition of the motion to dismiss. Courts have sanctioned the practice of conditioning dismissal on the grounds of forum non conveniens on defendants' consent to certain requirements. *See, e.g., Piper*, 454 U.S. at 257

n.25 (noting that district courts may grant dismissal conditioned on discovery agreements); *Macedo*, 693 F.2d at 686 (dismissal conditioned upon defendant's consent to jurisdiction in Portugal). Activplant does not address directly Philiotis's arguments regarding potential remedies under Illinois law, although the court assumes that, as a matter of comity, the Ontario forum would apply Illinois law if appropriate. *See* Restatement (Second) of Conflict of Laws § 6 (1971); *Canada Malting Co. v. Paterson Steamship, Ltd.*, 285 U.S. 413, 424 (1932). Moreover, Philiotis does not dispute that he could pursue his breach of contract claim under Canadian law. As the Supreme Court explained in *Piper Aircraft*, the possibility that less favorable substantive law will be applied in the foreign forum is relevant only when "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." 454 U.S. at 254-55 (potential remedy under Scottish law adequate even where plaintiffs may be unable to rely on strict liability theory and damages award may be smaller). Accordingly, the court finds that Activplant has made the threshold showing of an available adequate alternative forum in Ontario.

## II.    Philiotis's Choice of Forum.

The plaintiff is the master of the complaint, and his or her choice of forum generally must be accorded significant deference. *See Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1246 (7th Cir. 1990). Indeed, the plaintiff's decision "may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." *Piper Aircraft*, 454 U.S. at 255. When the plaintiff chooses his home forum, it is reasonable to assume that this choice is convenient. *See id.* at 241. Moreover, the plaintiff's choice of forum clearly weighs more heavily in the *forum non conveniens* context than it does in the transfer of venue context, where it is merely one factor to be considered. *See, e.g., Club Assistance Program, Inc. v.*

*Zukerman*, 598 F. Supp. 734, 736 (N.D. Ill. 1984). Accordingly, Philiotis's choice of forum will not be disturbed unless the private and public interest factors clearly point toward trial in the Ontario courts.

**III.   Public Interest Factors.**

When determining whether the public interest favors dismissal for *forum non conveniens*, the court must examine the following factors: 1)  administrative difficulties flowing from court congestion; 2)  the "local interest in having localized controversies decided at home"; 3)  avoidance of unnecessary problems in conflict of laws, or in the application of foreign law, and the preference for having a forum apply law with which it is familiar; and 4)  the unfairness of burdening citizens in an unrelated forum with jury duty. *Piper Aircraft*, 454 U.S. at 341 n. 6. The court finds that the balance of these factors weighs in favor of Philiotis.

Activplant asserts that the Northern District of Illinois has a more congested docket than Ontario, although it has not provided evidence regarding the comparative congestion of this court and the Ontario forum. Accordingly, the court will not weigh this factor in Activplant's favor. With respect to the local interest in the parties' dispute, Activplant maintains that Ontario has a greater interest in policing the potential wrongdoing of its own corporations. However, this interest is offset by the local interest in protecting Illinois employees against alleged wrongdoing, particularly where that employee worked in the foreign corporation's Illinois office.

The employment contract at issue does contain a choice of law provision requiring application of the laws of Ontario, but Philiotis contends that statutory remedies under Illinois law could void that provision. *See, e.g., Midwest Enterprises, Inc. v. Generac Corp.*, No. 91 C 2229, 1991 WL 169059 at *4 (N.D. Ill. Aug. 27, 1991) (voiding contractual choice of law provision under Illinois Sales Representative Act and applying Illinois law). Activplant counters

that the Illinois statutes cited by Philiotis are not applicable and that Activplant will bring a

motion for summary judgment on those claims if the instant motion is denied. Even assuming

that Activplant is correct, however, the potential need to apply foreign law "is not sufficient to

warrant dismissal when a balancing of all relevant factors shows that the plaintiff's chosen forum

is appropriate." *Piper Aircraft*, 454 U.S. at 260 n. 29. Finally, Illinois citizens would not be

unfairly burdened by jury duty in this case given the strong local interests noted above.

## IV.    Private Interest Factors.

The court must examine the following private interest factors when determining whether

to grant a dismissal under the *forum non conveniens* doctrine: 1) the relative ease of access to

sources of proof; 2) the ability to compel unwilling witnesses to attend and the cost of procuring

the attendance of willing witnesses; 3) the possibility of viewing premises involved in the suit, if

relevant; and 4) "all other practical problems that make a trial of a case easy, expeditious, and

inexpensive." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). Activplant maintains that

most of the documents relevant to the case are located in Ontario, and that it will need to call "a

number" of witnesses who reside in Ontario, including former Activplant employee Wilson Lee,

who signed the employment agreement at issue and participated in the decisionmaking process

regarding the hiring and termination of Philiotis.

With respect to documents located in Ontario, it is well settled that foreign defendants

may be compelled to produce documents that are physically located outside of the United States.

*See* Restatement (Third) of the Foreign Relations Law of the United States § 442 (1987).

Although Activplant does not specifically identify any witnesses over whom it does not have

control other than Wilson Lee, the ability to compel this witness presents a much closer question.

Lee, a resident of Ontario, would presumably be subject to compulsory process there. However,

-7-

Activplant's concerns are offset by Philiotis's Rule 26(a)(1) disclosures identifying witnesses residing in this district who presumably would not be subject to compulsory process in Canada. In addition, Philiotis offers the declaration of an Ontario barrister and solicitor indicating that an Ontario court will likely honor a subpoena issued by this court. Accordingly, the court does not find that access to sources of proof or witnesses weigh significantly in favor of the Ontario forum.

Neither party has argued that it would be necessary to visit the premises of Activplant, so the court next considers whether practical considerations recommend the Ontario court. Putting aside the unresolved question of which law will control this dispute, Activplant's argument that trial in Ontario would be more practical rests on the fact that Activplant and witnesses related to the case are located there. Given that Philiotis resides in this district and there are potential witnesses here as well, the court does not find that the practical considerations weigh decisively in favor of Activplant. Looking to the somewhat analogous transfer of venue context, courts in this district have declined to transfer cases when the transfer would simply shift the inconvenience of litigation from the defendant to the plaintiff. *See, e.g., Vandeveld v. Christoph*, 877 F. Supp. 1160, 1169 (N.D. Ill. 1995). Indeed, there is every reason to believe that it would be less inconvenient for Activplant, which does business in the United States and currently maintains a U.S. office in this circuit (Wisconsin), to litigate in this district than it would be for Philiotis, who otherwise has no contacts with Ontario, Canada, to litigate there. The court therefore finds that the balance of private interests weighs in favor of Philiotis.

## CONCLUSION

For the foregoing reasons, the court denies defendant's motion to dismiss under the doctrine of *forum non conveniens*.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: October 25, 2004